UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME CONERLY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SANTA CLARA COUNTY BOARD OF SUPERVISORS, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01175-MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 4, 6 |

Plaintiff, an inmate at the Santa Clara County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

1  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

3  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

4  Factual allegations must be enough to raise a right to relief above the speculative level." Bell

5  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

6  must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

7        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9  the alleged violation was committed by a person acting under the color of state law. See West v.

10 Atkins, 487 U.S. 42, 48 (1988).

11 B.    Legal Claims

12       As plaintiff's complaint currently reads, the Court cannot determine what the contours of

13 plaintiff's claims are.  He appears to allege that he was subject to discriminatory charging by the

14 Office of the Santa Clara County District Attorney when arrested and charged for possession for

15 sale and transportation of heroine, cocaine, and methamphetamine.  He does not dispute

16 possessing the drugs but contends that they were obviously in amounts that indicated personal use,

17 and that he was overcharged because of his race.  He names as defendants Santa Clara County

18 district attorney Jeff Rosen, the Santa Clara County Board of Supervisors, and Does 1 through 20.

19       The allegations of the complaint suggest that the Heck rule applies to this case, but

20 plaintiff has not provided sufficient information for the court to make that determination.  In Heck

21 v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to state a claim for

22 damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm

23 caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff

24 asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been

25 reversed or declared invalid. See id. at 486-87.  A claim for damages bearing that relationship to a

26 conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id.

27 at 487.  Such a damages claim will not be barred under Heck if the plaintiff has not yet been

28 convicted, however. See Wallace v. Kato, 549 U.S. 384, 395 (2007) (Heck does not encompass

the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside.") Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See at 394.

Accordingly, the complaint will be dismissed with leave to amend. In his amended complaint, plaintiff must provide information as to whether the criminal charges are still pending, resulted in a conviction, or resulted in a dismissal. Without this information, the Court cannot determine whether the complaint states a claim for relief, whether it is barred by Heck, and/or whether it must be stayed under Wallace.

Plaintiff's claims against Defendant Rosen are barred because the district attorney is an officer of the court entitled to absolute immunity for his conduct as an advocate during the course of plaintiff's state criminal proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Defendant Rosen is therefore DISMISSED with prejudice from this action.

Plaintiff's claim against the Santa Clara County Board of Supervisors is also deficient. To impose liability under Section 1983 against a municipal entity such as Santa Clara County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997); see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Plaintiff does not allege any policy by Santa Clara County that led to the alleged actions against him. Plaintiff may correct this deficiency in his amended complaint, if he can do so in good faith.

Finally, plaintiff has a Doe defendant problem. If plaintiff files an amended complaint, he is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served

with process until he or she is identified by his or her real name. If plaintiff files an amended complaint, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the officers and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

If plaintiff wants to challenge his state court conviction or sentence in federal court, he may file a petition for writ of habeas corpus after he exhausts state court remedies for each and every claim he wishes to present to the federal court. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). If plaintiff has already filed a federal habeas petition attacking the same conviction and sentence, he must first obtain from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A).

C.     Motion for Appointment of Counsel

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Defendant Jeff Rosen is DISMISSED with prejudice from this action. The Clerk shall terminate this defendant from the docket in this action.

2. The complaint is DISMISSED WITH LEAVE TO AMEND. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-1175 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Plaintiff's motion for appointment of counsel is DENIED.

6. Defendants have already waived service of summons, appeared in this action, and filed a motion to dismiss. The motion to dismiss is DENIED without prejudice to re-filing if and when the Court finds cognizable claims in plaintiff's amended complaint.

This order terminates Docket Nos. 4 and 6.

**IT IS SO ORDERED.**

Dated: June 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judg