UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY JEROME CONERLY,

    Plaintiff,

    v.

SANTA CLARA COUNTY BOARD OF SUPERVISORS, et al.,

    Defendants.

Case No. 16-cv-01175-SI

**ORDER OF DISMISSAL**

Rodney Jerome Conerly, a prisoner at the San Quentin State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend. Conerly then filed an amended complaint. At the court's request, he filed an amendment to his amended complaint to clarify whether he had been convicted on the criminal charges that were central to the claims asserted in the amended complaint. The amended complaint as amended is now before the court for review under 28 U.S.C. § 1915A.

In his amended complaint, Conerly alleges several claims about his arrest and criminal prosecution: he was subjected to a false arrest in Santa Clara County; improper efforts were made by the district attorney, the court and the police to obtain a guilty plea; Conerly was deprived of his right to compulsory process to obtain witnesses because the police officers failed to adequately document witness information; and his prosecution was improperly delayed. Docket No. 11. The requested relief includes the "dismissal of all holding orders and prosecuting information." *Id.* at 6. In his amendment, Conerly states that he was convicted of the charges and is currently in prison serving a five year prison sentence. Docket No. 17.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

This action, filed pursuant to 42 U.S.C. § 1983, is barred by the *Heck* rule. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to actions that seek equitable relief as well as damages. If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The *Heck* rule bars Conerly's § 1983 claims because success on those claims would call into question the validity of Conerly's state court judgment of conviction, and that conviction has not yet been set aside.

If Conerly wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Such a petition should not be filed until he first exhausts state judicial remedies as to any claim he wishes to present in a federal petition for writ of habeas corpus.

For the foregoing reasons, this action under 42 U.S.C. § 1983 are DISMISSED. The dismissal is without prejudice to Conerly filing a new action for damages if his state court conviction is overturned or set aside. Having resolved the § 1983 claims, the court declines to exercise supplemental jurisdiction over the state law claims in the amended complaint. *See* 28 U.S.C. § 1367(c)(3). The state law claims are dismissed without prejudice to plaintiff pursuing them in state court.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 7, 2016

_____
SUSAN ILLSTON
United States District Judge